IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

TONY VITRANO COMPANY               :
Maryland Wholesale Produce Market   :
P.O. Box 2001                           :
Jessup, MD 20794                      :
Howard County                       :
                                       :
          Plaintiff,              :
                                       :
     v.                           :      Civil Action No.14-1568
                                       :
EXPO EMART, LLC                 :
1101 University Boulevard         :
Takoma, MD 20912             :
                                     :
Serve on:                          :
Suzanne De Lyon               :
1101 University Boulevard         :
Takoma Park, MD 20912       :
                                     :
          and                :
                                     :
SUZANNE DE LYON            :
6341 Old Dominion Drive         :
McLean, VA 22101-4715,      :
                                     :
          Defendants         :

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Plaintiff, Tony Vitrano Company ("Vitrano"), for its complaint against Defendants, alleges:

JURISDICTION AND VENUE

1.     Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act (the "PACA"), 7 U.S.C. §§ 499e(b) and 499e(c)(5), and 28 U.S.C. § 1331. Personal jurisdiction exists over each Defendant as they either reside in this district or transact business in this district.

2.      Venue in this District is based on 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

PARTIES

3.      Plaintiff, Vitrano, a Maryland company with its principal place of business in Jessup, MD, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA.  A copy of the PACA license information for Vitrano is attached hereto as Exhibit 1.

4.      a.      Defendant Expo Emart, LLC is a Virginia limited liability company registered to transact business in Maryland and, upon information and belief, was at all times pertinent herein a dealer of wholesale and jobbing quantities of produce subject to the provisions of the PACA, as the operator of a grocery store at 1101 University Blvd, Takoma, Maryland 20912.  *See* Exhibit 2, Limited Liability Company Registration for Expo Emart, LLC.

        b.      Defendant Suzanna De Lyon, upon information and belief, is and was an owner, officer and/or director of Expo Emart, LLC.  Ms. De Lyon controlled the day-to-day operations of Expo Emart, LLC and/or is and was in a position of control over the PACA trust assets belonging to Plaintiff at all relevant times hereto.

GENERAL ALLEGATIONS

5.      This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c) as well as the prompt payment provisions of 7 U.S.C. § 499b(4).

6.      Between March 14, 2014 and May 1, 2014, Plaintiff sold and delivered to Defendants at 1101 University Boulevard, Takoma, Maryland 20912, in interstate commerce or contemplation thereof, wholesale quantities of produce items worth the amount of $87,793.25, all of which remains unpaid. Copies of Vitrano's statement of account and invoices are attached as Exhibit 3.

7.      Defendants accepted the produce from Plaintiff.

8.      At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

9.      Plaintiff preserved its interest in the PACA trust in the amount of $87,793.25 by issuing invoices to Defendants for each transaction.  All of Plaintiff's invoices contain the statutory language required to preserve trust rights under 7 U.S.C. § 499e(c)(4).  Plaintiff remains a beneficiary until full payment is made for the produce.  *See* copies of Vitrano's invoices, Exhibit 3.

10.     Defendants have failed to pay Plaintiff as required under the PACA and have refused to respond to requests for payment.

11.     Defendants' failure, refusal, and inability to pay Plaintiff, including issuing checks to Plaintiff which were returned for "Not Sufficient Funds," demonstrate that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

Count 1

(Failure to Pay Trust Funds)

12.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13.     Defendants' failure to make payment to Plaintiff of trust funds in the amount of $87,793.25 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $87,793.25 to Plaintiff.

Count 2

(Failure to Pay Promptly)

14.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.     Defendants received and accepted each of the shipments of produce described in paragraph 5 above.

16.     The PACA requires Defendants to tender full payment promptly to their unpaid suppliers of produce.

17.     Defendants failed to pay for the produce supplied by Plaintiff within the payment terms.

18.     As a result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $87,793.25, plus interest from the date each invoice became past due, costs, and attorneys' fees.

WHEREFORE, Plaintiff requests an order enforcing the PACA's prompt payment requirements by requiring immediate payment of $87,793.25, plus interest, costs and attorneys' fees.

Count 3

(Failure to Pay For Goods Sold)

19.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20.     Defendant Expo Emart, LLC failed and refused to pay Plaintiff an amount of $87,793.25 owed to Plaintiff for goods received by Defendants from Plaintiff.

WHEREFORE, Plaintiff requests judgment in the amount of $87,793.25 against Defendant Expo Emart, LLC, plus interest, costs, and attorneys' fees.

Count 4

(Unlawful Dissipation of Trust Assets by<br>a Corporate Official – Suzanne De Lyon)

21.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 20 above as if fully set forth herein.

22.      Defendant Suzanne De Lyon is an officer and/or director who operated Expo Emart, LLC during the period of time in question and/or was in a position of control over the PACA trust assets belonging to Plaintiff.

23.     Defendant Suzanne De Lyon failed to direct the corporations to fulfill their statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

24.     Defendant Suzanne De Lyon's failure to direct the corporations to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official and/or a person in a position of control over PACA trust assets.

25.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Suzanne De Lyon in the amount of $87,793.25, plus interest, costs, and attorneys' fees.

Count 5

(Interest and Attorneys' Fees)

26.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

27.     The PACA and Plaintiff's invoices entitle Plaintiff to recover prejudgment interest and attorney's fees incurred to collect any balance due from Defendants.

28.     As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to Defendants, Plaintiff have lost the use of said money.

29.     As a result of Defendants' continued failure to make payment for the produce sold and delivered to Defendants by Plaintiff, Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties under the PACA and the invoices.

WHEREFORE, Plaintiff requests judgment against the Defendants, jointly and severally, for prejudgment interest, costs, and attorneys' fees.

Dated this 12th day of May, 2014.

McCARRON & DIESS

By:/s/ Blake A. Surbey
    Louis W. Diess (Bar No. 10812)
    Blake A. Surbey (Bar No. 29870)
    4530 Wisconsin Ave., NW, Suite 301
    Washington, D.C. 20016
    (202) 364-0400
    (202) 364-2731 fax
    ldiess@mccarronlaw.com
    bsurbey@mccarronlaw.com

*Counsel for Plaintiff*